THE BOARD OF EDUCATION OF POPE COUNTY COMMUNITY UNIT SCHOOL DISTRICT No. 1, Plaintiff-Appellant and Cross-Appellee, v. THE STATE BOARD OF EDUCATION *et al.,* Defendants-Appellees and Cross-Appellants.

Fifth District   No. 5—91—0152

Opinion filed December 18, 1991.

Rick W. Abell, of Metropolis, for appellant.

P. Michael Kimmel, of Gilbert, Kimmel, Huffman & Prosser, Ltd., of Carbondale, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendant, Thurman E. Shumaker, was employed for six years as a school counselor by the plaintiff, the Board of Education of Pope County Community Unit School District No. 1 (Board). He was suspended and dismissed on March 22, 1985, on charges of insubordination, negligence, failure to carry out assigned duties, lack of cooperation with teachers and staff, failure to cooperate and assist students and their parents, and conduct unbecoming a professional teacher.

Mr. Shumaker requested a hearing on the dismissal before a State Board of Education hearing officer pursuant to section 24—12 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—12). On August 7, 1985, the hearing officer found the causes for dismissal were remediable, held the dismissal improper and ordered the Board to reinstate the defendant and reimburse him for lost income. On September 11, 1985, the Board filed for an administrative review. The circuit court affirmed the hearing officer's decision on May 14, 1986, but did not direct reinstatement or specify damages. The Board filed an appeal from the circuit court's decision. On November 19, 1986, this court held the Board's appeal was untimely filed and dismissed it for want of jurisdiction. *Board of Education v. Illinois State Board of Educa-*

*tion* (1986), No. 5—86—0636 (unpublished summary order), *appeal denied* (1987), 114 Ill. 2d 543, 508 N.E.2d 725.

On March 27, 1987, the Board instituted a reduction in force due to economic factors. Five teachers, including Shumaker, were honorably dismissed.

On September 27, 1987, Shumaker filed a petition to enforce the circuit court's May 14, 1986, decision. On the motion of the Board, the circuit court dismissed the petition because it had no jurisdiction to hear the case. Defendant Shumaker appealed, and this court held that the circuit court had jurisdiction to enforce its order and remanded the matter for Shumaker's reinstatement and to find and set the amount of damages and costs incurred by him. *Board of Education v. Illinois State Board of Education* (1990), 197 Ill. App. 3d 1110 (unpublished Rule 23 order).

The Board filed an affirmative defense in the circuit court on September 23, 1990, alleging the reduction in force had terminated Mr. Shumaker's employment as of May 29, 1987. Shumaker objected and the issue was taken with the case as the court reserved its ruling on the matter. The hearings included evidence on the reduction-in-force issue. The circuit court ordered that defendant Shumaker be reinstated "instanter" and assessed damages accordingly.

In its February 1, 1991, order the circuit court stated:

> "As to the reduction in force affirmative defense, this Court views, and would allow affirmative, [*sic*] only to the extent that it would be impossible to follow the mandate of the Court of Appeals. *** Shumaker should be reinstated instanter pursuant to the Court of Appeals mandate."

This wording suggests that the circuit court misinterpreted our June 5, 1990, order as precluding any consideration of the Board's affirmative defense and calling for an immediate reinstatement regardless of the offsetting evidence.

● ■ The sole issue before this court at that time was the matter of circuit court jurisdiction. No evidence regarding damages had been presented. In a case of improper dismissal of a teacher, the measure of damages is the amount the teacher would have earned had he not been improperly dismissed. (*Birk v. Board of Education of Flora Community Unit School District No. 35* (1983), 120 Ill. App. 3d 181, 186, 457 N.E.2d 1065, 1069.) The Board's reduction-in-force affirmative defense goes directly to damages and as such must be fully weighed and considered before damages can be determined. Had the defendant died in the interim, reinstatement would obviously have been impossible and would have directly affected damages. A similar

analogy can be made here. If the intervening economic reduction in force would have legitimately terminated the employment of Mr. Shumaker, had he not already been improperly dismissed, it would affect the damages and could prevent reinstatement.

We, therefore, reverse and remand on the issue of damages and reinstatement and direct the circuit court to consider the Board's affirmative defense in determining said damages and subsequent reinstatement.

Reversed and remanded with directions.

HOWERTON and HARRISON, JJ., concur.